Whitehead agt. Pecare & Smith.

## NEW-YORK COMMON PLEAS.

### WHITEHEAD agt. PECARE & SMITH.

The *notice* of a motion to set aside a judgment for irregularity, should contain the *grounds* of the irregularity complained of. (*See Rules Sup. Court*, 25.)

A motion to set aside a judgment for irregularity should be made within one year from the entry of judgment, where a knowledge of the judgment exists. (2 *R. S.* 359.)

The omission to *enter a rule*, on the decision of the court in ordering judgment, is a defect that may be cured after judgment by amendment *nunc pro tunc.*

It is not necessary that the *copy of the rule* for judgment to be annexed to the roll should be *signed by the judge*

Under § 176 of the Code, the court is bound to disregard, or to order amended, any defect in the entry of judgment which does not affect the substantial rights of the party.

*January Special Term*, 1854. A motion was made in this cause to strike out a demurrer to the complaint as frivolous, and the motion granted, and judgment ordered for the plaintiff. No rule was entered with the clerk on this motion; but the

plaintiff proceeded at once to enter up judgment and have the costs adjusted in the usual manner in May, 1852. The defendants, having knowledge of the judgment, made no motion to set the same aside until January, 1854. The defendants now move for an order setting the judgment aside.

POTTER, *for Defendants.*
*for Plaintiff.*

INGRAHAM, First Judge.——In this case judgment was ordered, on motion to strike out a demurrer as frivolous, but no order was filed or entered by the clerk on the decision. The plaintiff, acting on the decision which the judge had made, entered up judgment for the amount claimed in the complaint as directed by the judge. This judgment was docketed in May, 1852, and the defendants, after continued knowledge of its existence, now move to set it aside because the rule for judgment on the decision of the judge was never entered.

It appears to me that this is a motion clearly for irregularity. It is alleged this is no judgment. If so, it is only because this rule has not been entered, on which the judgment is founded, and not because the court has not authorized the entry of such a rule. There are several objections to setting aside the judgment, some of which I think are valid.

1st. The notice of motion or order to show cause should contain the grounds of irregularity. This is not the case here. (*See Rule S. C.* 25.)

2d. The motion should have been made within a year. The defendants knew, from the judgment, of its entry, and they have suffered a year and three quarters to pass away without any motion on their part; but, on the other hand, have repeatedly promised to pay it, and made no motion until they were troubled by supplementary proceedings. It is too late for such a technical objection. (2 *R. S.* 359.)

3d. The defect, if the motion had been made in season, was one that could have been cured by an amendment *nunc pro tunc,* and should, therefore, with more propriety be allowed now.

4th. I do not consider it necessary that the copy of the rule

for judgment to be annexed to the roll should be signed by the judge. It is not necessary that any such order should be so signed. The judge decides the motion. The clerk makes an entry of such decision, and it is the clerk's duty to see that the rule entered by the successful party corresponds with the decision of the court; a different practice has to some extent grown up, but it is not required by law.

5th. By section 176 of the Code, the court is directed to disregard any defect in the proceedings which shall not affect the substantial right of the party; and it further directs that no judgment shall be reversed or affected by reason of such error or defect. Whatever view may be taken of the objections before stated, this is very clear as to the duty of the court, either to disregard the defect or to order it amended. No harm has been done the defendants by the error; they have promised to pay the judgment repeatedly. The judgment has been entered up in conformity to the decision of the court, and it would, under such circumstances, be a perversion of justice to set it aside.

The motion is denied, with leave to the plaintiffs to enter the proper rule for judgment, *nunc pro tunc*, without costs.